# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 03-257 |
| MICHAEL HARRIS | SECTION: "K"(1) |

## ORDER AND OPINION

Before the Court is the "Motion for Retroactive Application of the Fair Sentencing Act" filed by defendant Michael Harris, *pro se* (Doc. 1466). Having reviewed the pleadings and the relevant law, the Court, for the reasons assigned, DENIES the motion.

On August 12, 2004, defendant Michael Harris pleaded guilty to two counts of a third superseding indictment pursuant to a Rule 11(c)(1)(C) plea agreement. Specifically, Mr. Harris pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(A) and §846 (Count 1) and use of a communication facility in a drug trafficking offense in violation of 21 U.S.C. §843(b) (Count 4). Based on defendant's admission that at least 50 grams of cocaine base was involved in his conviction for conspiracy to possess with intent to distribute cocaine base, §841(b)(1)(A), as written at the time defendant committed the offense, provided for a mandatory minimum term of imprisonment of 120 months and a maximum term of life imprisonment. The Rule 11(c)(1)(C) plea agreement provided for a sentence of 120 months as to Count 1 and 4.

After defendant pleaded guilty, Congress passed, and the President signed, the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat 2372 (2010) (herein after "FSA").[1] The FSA

---

[1] The President signed the FSA on August 3, 2010.

raised the threshold amount of cocaine base necessary to trigger a ten (10) year mandatory minimum term of imprisonment to 280 grams of a mixture containing cocaine base.

Mr. Harris asserts that the FSA applies retroactively to his case. The Fifth Circuit Court of Appeals has concluded unequivocally that "the penalties prescribed by te FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011). Therefore, defendant is not entitled to the relief sought. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 24th day of February, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE